AMIN WASSERMAN GURNANI, LLP
Matthew R. Orr, Bar No. 211097
Cole Kroshus, Bar No. 345790
515 South Flower St., 18th Floor
Los Angeles, CA 90071
Tel: (213) 933-2330
Fax: (312) 884-7352
morr@awglaw.com
ckroshus@awglaw.com

Attorneys for Defendant New Era Real Estate Solutions, LLC

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LETICIA DEANDA, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEW ERA REAL ESTATE SOLUTIONS LLC,<br><br>Defendant. | Case No.: 1:25-cv-01087-EPG<br><br>**DEFENDANT NEW ERA REAL ESTATE SOLUTIONS LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Hon. Erica P. Grosjean<br><br>Courtroom 10<br>Date: January 23, 2026<br>Time: 10:00 a.m. |

**NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

PLEASE TAKE NOTICE THAT on January 23, 2026, at 10:00 a.m. or as soon thereafter as may be heard by the Honorable Erica P. Grosjean in Courtroom 10 of this Court, Defendant New Era Real Estate Solutions LLC will, and hereby does, move this Court for an order dismissing Plaintiff's Complaint.

This motion is made pursuant to Federal Rule of Civil Procedure 8, 9, and 12(b)(6), on the grounds that Plaintiff has failed to plead facts stating any valid claims for relief. The grounds for the motion are more fully described in the accompanying Memorandum of Points and Authorities.

This motion is based upon this Notice of Motion, the accompanying memorandum of points and authorities, the pleadings and files in this action, and such other matters as may be presented at or before the hearing.

Dated: December 11, 2025                    **AMIN WASSERMAN GURNANI, LLP**

/s/ *Cole Kroshus*
Cole Kroshus
Attorneys for Defendant

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Leticia Deanda alleges that Defendant New Era Real Estate Solutions LLC ("NERES") falsely advertises its Berberine+ (the "Product") as containing 1200 mg of berberine per serving when, in fact, the Product allegedly contains far less berberine per serving. Deanda's basis for making this claim is the contention that laboratory testing of the product found that the berberine HCL content of the product was less than 1200 mg of berberine. The problem for Deanda is that NERES' labels do not claim to contain 1200 mg of berberine HCL, and a product can contain berberine without containing berberine HCL. In short, Deanda has failed to allege NERES has made any false or misleading statements. This failure requires dismissal of all of her claims, as all of her claims are premised on the same allegedly false misstatement.

Outside of her failure to allege that any false statement was made, her Complaint suffers from additional defects. She fails to state any claims for equitable restitution because she does not allege facts plausibly establishing that her legal remedies are inadequate. And Deanda, a California resident who allegedly purchased the product in California attempts to bring consumer protection statutory claims under the laws of 17 other states and the District of Columbia. She lacks standing to do so.

For these reasons, as wells as others described below, the Complaint fails as a matter of law.

## II. PLAINTIFFS' ALLEGATIONS

Deanda alleges that NERES markets and sells Nutrivein Premium Berberine+ Made with Ceylon Cinnamon (the "Product"). (Dkt. 1, Compl. ¶ 11, 16.) The front label states, "1200 MG PER SERVING" and "BERBERINE." (*Id.* ¶ 17.) Deanda alleges that she purchased the Product from Amazon.com on or around April 17, 2025. (*Id.* ¶ 9.)

Deanda alleges that "the Product does not contain the promised dosage of berberine per serving." (*Id.* ¶ 19.) She alleges the "multiple laboratory analyses reveal that each ***serving of the Product provides significantly less berberine than advertised***." (*Id.* ¶ 20.) Deanda then provides two examples of testing, stating that one "independent testing conducted in 2023 found each capsule contains only 152 to 156 mg of berberine HCl, meaning ***each*** serving contains between 304 and 312 mg of berberine HCL." (*Id.*) Deanda further alleges that she "performed her own testing, which confirmed this gross deficiency." (*Id.*

Based on these allegations, Deanda asserts the following causes of action on behalf of herself and either a California class or a multi-state class, as indicated: (1) violation of State Consumer Protection Statutes (Multi-State Consumer Protection Class); (2) unjust enrichment (California sub-class); and (3) breach of implied warranty (California sub-class); (4)breach of express warranty (California sub-class); (5) California Consumer Legal Remedies Act ("CLRA"), Civ. Code § 1750 *et seq.* (California sub-class), (6) California Unfair Competition Law ("UCL"), Bus. & Prof. Code § 17200 *et seq.* (California sub-class), (7) California False Advertising Law ("FAL") Bus. & Prof. Code § 17500, *et seq.* (California sub-class).

## III.  LEGAL STANDARDS

The court must dismiss a claim if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 8. Rule 8 demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The complaint must state sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility only if the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. The court does not accept as true "legal conclusions," "labels and conclusions" or a "formulaic recitation of the elements of a cause of action[.]" *Iqbal*, 556 U.S. at 678. A "naked assertion" devoid of "further factual enhancement" does not suffice. *Id.* (citation omitted).

Claims sounding in fraud must also meet Rule 9(b)'s particularity requirements. Fed. R. Civ. P. 9(b); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1123 (9th Cir. 2009); *Watkins v. MGA Entertainment, Inc.*, 550 F. Supp. 3d 815, 833 (N.D. Cal. 2021). The plaintiff must identify with particularity the circumstances constituting the allegedly fraudulent conduct—i.e., the who, what, when, where and how of the misconduct charged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

## IV.  ARGUMENTS

### A. The Consumer Protection Statute Claims Fail Because Deanda Does Not Adequately Allege Any False or Misleading Representations.

Claims for false advertising under the UCL and FAL are governed by the "reasonable consumer" standard. *Chapman v. Skype*, 220 Cal. App. 4th 217, 230 (2013); *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304 (2011); *see also Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995). The standard is

not the least-sophisticated consumer, nor do courts test the impact on unwary consumers. *Hill*, 195 Cal. App. 4th at 1304. Instead, a plaintiff must plead and prove facts showing that a significant portion of reasonable consumers, acting reasonably under the circumstances, could be misled. *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003).[1]

A plaintiff's allegation that an advertisement is likely to deceive a reasonable consumer "is a legal conclusion; not a factual allegation; as such, it is neither binding nor controlling." *Shaeffer v. Califia Farms, LLC*, 44 Cal. App. 5th 1125, 1140 (2020) (quotation and citation omitted); *see also Hill*, 195 Cal. App. 4th at 1303-1304 (plaintiff's subjective belief that an advertisement was misleading does not satisfy the reasonable consumer standard at pleading stage); *Sinatro v. Mrs. Gooch's Natural Food Markets, Inc.*, No. 22-CV-03603, 2023 WL 2324291, at *12 (N.D. Cal. Feb. 16, 2023) ("The Court, however, does not need to accept as true Plaintiffs' legal conclusion that the packaging is deceptive to the reasonable consumer." (citing *Iqbal*, 556 U.S. at 678)). "Absent factual enhancement underlying their legal conclusion that a reasonable consumer would likely be misled or deceived in the way alleged," plaintiffs do not "satisfy Rule 9(b)'s heightened pleading standards to proceed" on UCL or CLRA claims. *Prescott v. Saraya USA, Inc.*, no. 23-cv-00017, 2023 WL 6120610, at *3 (S.D. Cal. Sept. 18, 2023); *see also Kearns*, 567 F.3d at 1125 (UCL and CLRA claims predicated on alleged deception are subject to Rule 9(b)). Thus, in the context of these consumer class action claims, a plaintiff must plead facts affirmatively demonstrating that the advertising is false or misleading. *See National Council Against Health Fraud, Inc. v. King Bio Pharm., Inc.*, 107 Cal. App. 4th 1336, 1345 (2003); *Kwan v. SanMedica Int'l, Inc.*, 854 F.3d 1088, 1095-96 (9th Cir. 2017).

Under these standards, Deanda fails to state any UCL, FAL, or CLRA claims. Deanda alleges no factual enhancement to support her claim that the product claims to contain 1200 mg of berberine (as opposed to berberine and cinnamon), let alone that the product doesn't in fact contain 1200 mg of berberine. She alleges that three-year old independent testing found that each serving of the Product

---

[1] Although this memorandum solely discusses California law, Deanda's theory to her non-California claims is the same as her theory for her California claims. She alleges for all non-California causes of action that "Defendant's marketing of the Product violates these prohibitions by deceiving consumers into believing that the Product contains 1200 mg of berberine per serving, when it does not." (Compl. ¶ 65.) Deanda's failure to plead that the product does not contain 1200 mg of berberine thus defeats her non-California claims, too.

contained "between 304 and 312 mg of berberine HCL," but she never explains why a test looking specifically for berberine HCL content can act as a stand-in for berberine. (Compl. ¶ 20.) Plaintiffs cite an article in the Complaint which states that berberine supplements are "*typically*" made in hydrochloride form, but not only in its hydrochloride form. Further, nowhere on the label does Plaintiff allege that the Product claims to contain 1200 mg of berberine (as opposed to berberine and cinnamon), let alone berberine HCL. Plaintiff has thus failed to allege that there is any false or misleading statement on the Product's label.

Courts have rejected similar testing allegations where a plaintiff tested for a substance similar to but not the same as the substance that gives rise to the Complaint. For example, courts routinely reject cases about unsafe PFAS levels in a product where a plaintiff relies solely on testing for total organic fluorine, a test which may or may not reveal the level of PFAS in a product. . *See, e.g., Bounthon v. Procter & Gamble Co.*, 2024 WL 4495501, at *8 (N.D. Cal. Oct. 15, 2024) (dismissing claims about harmful levels of PFAS because total organic fluorine testing may detect PFAS but it also may not); *Andrews v. Proctor & Gamble Co.*, 2019 WL 6520045, at * (C.D. Cal. June 3, 2019) (dismissing claims for failure to allege that the presence of fluorine indicates PFAS); *Dalewitz v. Proctor & Gamble Co.*, 2023 WL 6215329, at *3 (S.D.N.Y. Sept. 22, 2023) (dismissing claims under New York consumer protection statute because complaint relied on "organic fluorine test," but failed to "identify the presence of PFAS in the Product, let alone identify the presence of specific PFAS within the family of 9,000 potential PFAS"). The upshot from these cases is that if a plaintiff wants to rely on testing about a product to establish the presence of a substance in that product, the test itself must actually test for the specific substance, not merely something similar. Deanda merely tested for berberine HCL instead of total berberine. Her testing thus fails to establish that any statement on the label about 1200 mg of barbering is false or misleading.

**B. Deanda's Express Warranty Claim Fails for the Same Reasons as Her Consumer Protection Claims.**

Deanda's fourth claim for relief is for breach of express warranty, and fails for the same reason as her consumer protection claims—i.e., that "Defendant's Product label represents that it contains 1200 mg of berberine per serving," and "the Product does not conform to this express representation because the Product does not contain 1200 mg of berberine per serving." (Compl. ¶ 103-04.) Therefore, the express

- 4 -

warranty claim fails for the same reasons set forth in Section IV(A), *supra*. *See, e.g., Weiss v. Trade Joe's Co.*, 838 F. App'x 302, 303 (9th Cir. 2021) (affirming dismissal of warranty claims premised on the "exact same representations as her consumer protection claim"); *McConnon v. Kroger Co.*, No. 2:24-cv-02601-SB-E, 2024 WL 3941340, at *4 (C.D. Cal. June 21, 2024) (same); *Lee v. Nature's Path Food, Inc.*, No. 23-cv-00751-H-MSB, 2023 WL 7434963, at *5 (S.D. Cal. Nov. 9, 2023) (same); *Klammer v. Mondelez International, Inc.*, No. 22-cv-02046-JSW, 2023 WL 105095, at *7 (N.D. Cal. Jan. 4, 2023).

### C. Deanda's Implied Warranty Claim Fails for the Same Reason as Her Consumer Protection Claims and Express Warranty Claim.

Deanda's third claim for relief is for breach of implied warranty, and fails for the same reason as her consumer protection claims and express warranty claims. Deanda alleges two theories of implied warranty claims (Implied Warranty of Merchantability and Implied Warranty of Fitness), but both of them are premised on the same theory as the express warranty: the product advertised itself as containing 1200 mg when it contained less than 1200 mg of berberine. (*See* Compl. ¶ 85 (alleging a violation of the implied warranty of merchantability because the Product did not "contain[] 1200 mg of berberine per serving"); *id.* ¶ 95 (alleging a violation for the implied warranty of fitness because the Product "does not contain 1200 mg of berberine per serving as labeled and advertised").) Where the same alleged facts give rise to both express and implied warranty claims, "the implied warranty claim 'rises and falls with express warranty claims.'" *McConnon*, 2024 WL 3941340, at *4 (quoting *Hadley v. Kellogg Sales Co.*, 242 F. Supp. 3d 1074, 1104 (N.D. Cal. 2017)). Thus, Deanda's implied warranty claims must be dismissed.

### D. Deanda Fails to State Any Claim for Equitable Restitution Because She Does Not Adequatley Allege that Her Legal Remedies are Inadequate.

Before a party can avail herself of a federal court's equitable jurisdiction, she must plead facts plausibly establishing her legal remedies are inadequate. *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974) (complaint failed because it did not plead "the basic requisites of the issuance of equitable relief" including "the inadequacy of legal remedies"); *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 105-06 (1945); *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 842-44 (9th Cir. 2020). In *Sonner*, the court held that "the traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution under the UCL and CLRA in a

diversity action." 971 F.3d at 843-44. The Ninth Circuit affirmed dismissal of claims for restitution under the UCL and CLRA, holding the plaintiff had failed to show how an award of damages under the CLRA would be inadequate in any way compared to restitution. *Id.* at 844; *see also Spencer v. Honda Motor Corp. Ltd.*, No. 21-cv-00988-JAM, 2022 WL 14863071, at *4 (E.D. Cal. Oct. 26, 2022) (dismissing equitable claims under *Sonner*); *Andino v. Apple, Inc.*, No. 20-cv-01628-JAM, 2021 WL 1549667, at *5 (E.D. Cal. April 20, 2021) (same).

Deanda seeks damages under her CLRA claim, (Compl. ¶ 125), but her Complaint contains just two allegations about why these damages are inadequate, and neither allegation proves sufficient to invoke this Court's equitable jurisdiction. First, she alleges "[r]estitution under the UCL can be awarded in situations where the entitle to damages may prove difficult." (Compl. ¶ 138.) Deanda's ability to prevail under her legal theory is irrelevant to whether her legal remedies are inadequate: "In the Ninth Circuit, the relevant test is whether an adequate damages remedy is available, not whether the plaintiff elects to pursue it, or whether she will be successful in that pursuit." *Mullins v. Premier Nutrition Corp.*, No. 13-cv-01271-RS, 2018 WL 510139, at *2 (N.D. Cal. Jan. 23, 2018), *aff'd sub nom, Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (emphasis added); *Rhynes v. Stryker Corp.*, No. 10-5619 SC, 2011 WL 2149095, at *4 (N.D. Cal. May 31, 2011) ("Plaintiffs' argument that they will have no adequate remedy at law if their other claims fail is unavailing. Where the claims pleaded by a plaintiff may entitle her to an adequate remedy at law, equitable relief is unavailable."); *Axelrod v. Lenovo (United States) Inc.*, No. 21-cv-06770-JSW, 2022 WL 976971, at *3 (N.D. Cal. Mar. 31, 2022) (dismissing equitable claims where plaintiff claimed legal remedies were inadequate because "it will be harder to prove their legal claims").

Second, Deanda alleges that damages are inadequate because "restitution would allow recovery even when normal consideration associated with damages would not." (Compl. ¶ 139.) This allegation just retreads her allegation that damages may be inadequate because damages are difficult to obtain. The question is whether Deanda could bring a damages claim (she can), not whether she will prevail on her damages claim. *See Mullins*, 2018 WL 510139, at *2. Also, even if equitable relief, in theory, may be available in some instances where damages are unavailable, this allegation amounts to a legal conclusion without any factual support that explains what about this case might make damages inadequate. The Court cannot accept as true "legal conclusions," "labels and conclusions" or a "formulaic recitation of the

- 6 -

elements of a cause of action[.]" *Iqbal*, 556 U.S. at 678. A "naked assertion" devoid of "further factual enhancement" does not suffice. *Id.* (citation omitted).

### E. Deanda Cannot Bring Claims Under Other States' Laws.

Deanda, a California resident who made her alleged purchase in California, brings consumer protection claims under 18 states in addition to California. For the reasons already explained in Section IV(A), *supra*, she states no claim.

These claims must also be dismissed due to her lack of Article III standing. "Standing is not dispensed in gross[,]" *Lewis v. Casey*, 518 U.S. 343, 358 n.6 (1996), but "is claim-specific and 'a plaintiff must demonstrate standing for each claim he seeks to press.'" *Harris v. CVS Pharmacy, Inc.*, No. EDCV1302329ABAGRX, 2015 WL 4694047, at *4 (C.D. Cal. Aug. 6, 2015) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)). "If a complaint includes multiple claims, at least one named class representative must have Article III standing to raise each claim." *Los Gatos Mercantile, Inc. v. E.I. DuPont De Nemours & Co.*, No. 13-CV-01180-BLF, 2014 WL 4774611, at *4 (N.D. Cal. Sept. 22, 2014) (quotation and citation omitted). "As the party advocating for the application of [other states' laws], Plaintiff must make at least [a] prima facie showing that the [other states' laws] apply to him such that he would have standing to bring that claim." *Harris*, 2015 WL 4694047, at *4.

"'Courts routinely dismiss claims' for lack of subject-matter jurisdiction 'where no plaintiff is alleged to reside in a state whose laws the class seeks to enforce' because the named plaintiff lacks standing to invoke the foreign statute." *Harris*, 2015 WL 4694047, at *4 (citation omitted) (collecting cases); *accord Debari v. Winix Global LLC*, No. 24-cv-06596, 2025 WL 56414, at *4 (N.D. Cal. Jan. 9, 2025) (collecting cases); *Forrett v. West Thomas Partners, LLC*, No. 22-cv-02048, 2023 WL 11991452, at *4 (N.D. Cal. Mar. 27, 2023) (dismissing claims under consumer protection statutes from states other than California where named plaintiff had no connection to the other states); *Effinger v. Ancient Organics LLC*, 657 F. Supp. 3d 1290, 1301 (N.D. Cal. 2023) (requiring plaintiffs "to add other named class representatives who do have individual standing to assert claims from the other states"); *Lozano v. Bowmar Nutrition LLC*, No. 2:21-cv-04296-MCS-KS, 2021 WL 4459660, at *2 (C.D. Cal. Aug. 19, 2021); *Carpenter v. PetSmart, Inc.*, 441 F. Supp. 3d 1028, 1038 (S.D. Cal. 2020).

The Court in *Forrett* faced a nearly identical situation as here. The plaintiff brought claims under

many of the same statutes as Deanda brings here in her first cause of action. *Compare* 2023 WL 11991452, at *4 (noting the plaintiff brings claims under the consumer protection statutes of "states with similar consumer protection statutes to California," including Florida, Illinois, Massachusetts, Michigan, Minnesota, Missouri, and New Jersey (among others) *with* Compl. ¶ 51 n.11 (seeking a class of people who purchased the Product in "any state with similar laws" as California, including Florida, Illinois, Massachusetts, Michigan, Minnesota, Missouri, and New Jersey (among others)). The Court recognized that the plaintiff "would be required to have standing for each of his individual causes of action," and dismissed claims for states in which the plaintiff "has not and cannot allege a connection to the . . . jurisdictions where he does not reside and has not purchased Defendant's products." *Forrett*, 2023 WL 11991452, at *4.

Although Deanda resides in California and suffered her purported injury in California (Compl. ¶ 9), she attempts to bring a claim under the consumer protection statutes of 18 other states' laws. (*Id.* ¶¶ 51 n.11 and 63.) There is no named plaintiff who resides in these other states or purports to have purchased the Product in these states. Deanda "cannot establish standing" for claims under these statutes. *Forrett*, 2023 WL 11991452, at *4; *accord Lozano*, 2021 WL 4459660, at *3 (dismissing claim "to the extent Plaintiff asserts it under the laws of states other than California"). The Court should dismiss Deanda's First Cause of Action in its entirety because it solely brings claims under the laws of states other than California.

## V.   CONCLUSION

The Court should grant the Motion to Dismiss in its entirety.

Dated:  December 11, 2025                    AMIN WASSERMAN GURNANI, LLP

/s/ *Cole Kroshus*
   Matthew R. Orr
   Cole Kroshus

*Attorneys for Defendant New Era Real Estate Solutions LLC*

**CERTIFICATE OF SERVICE**
(United States District Court)

I hereby certify that on the 11th day of December, 2025, I caused the electronic filing of the foregoing document, through the CM/ECF system. The aforementioned document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/*Cole Kroshus*
Cole Kroshus